J-S03023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN HENNESSY | : | |
| | : | |
| Appellant | : | No. 353 EDA 2018 |

Appeal from the Order January 26, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0031792-2016

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED MARCH 06, 2019**

Appellant, Sean Hennessy, appeals from the order entered on January 26, 2018, denying his petition for writ of *certiorari* to the Municipal Court of Philadelphia. On this appeal, Appellant's court-appointed counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to affect withdrawal. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition for leave to withdraw and affirm the order denying *certiorari*.

On May 17, 2017, Appellant entered an open guilty plea, in the Municipal Court of Philadelphia, to the misdemeanor charges of simple assault and

recklessly endangering another person ("REAP").  During the plea hearing, the
Commonwealth summarized the factual basis for the plea:

> If this case would have gone to trial, the Commonwealth's
> evidence would show [that,] on or about . . . August 12,
> 2016[, the victim, J.T. (hereinafter "the Victim")] was outside
> of his residence [in Philadelphia when] he observed
> [Appellant] with another individual[.  The Victim] believed
> that [Appellant] was causing injury to that other individual
> and attempted to step in and break it up.  When he did so,
> this angered [Appellant].  When [the Victim] turned around,
> he was struck by [Appellant].  This assault was witnessed by
> another individual who would also be a witness for the
> Commonwealth.  Because of the strike, [the Victim] fell to
> the ground striking the car and then the sidewalk on the way
> to the ground.  He was subsequently admitted to the hospital
> where he was diagnosed with [a] traumatic brain injury.

N.T. Guilty Plea Hearing, 5/17/17, at 11-12.

Appellant agreed to the facts as stated by the Commonwealth and the
municipal court accepted Appellant's plea.  *Id.* at 12.  On August 28, 2017,
the municipal court sentenced Appellant to serve a term of two to 23 months
in jail, followed by two years of probation, for his convictions.  N.T.
Sentencing, 8/28/17, at 17.

On September 5, 2017, Appellant filed a post-sentence motion to
withdraw his guilty plea.  Within the motion, Appellant claimed that he should
be permitted to withdraw his plea because he is innocent and because his plea
counsel rendered ineffective assistance during the plea process.  Appellant's
Motion to Withdraw Plea, 9/5/17, at 1; N.T. Plea Withdrawal Hearing,
10/31/17, at 4 and 6.  Appellant explained the basis for his motion during the
October 31, 2017 hearing:

Well, Your Honor, in the beginning I wanted to go to trial with this, because I believe I'm innocent totally. What [the Victim] has said was fabricated.

I don't think I was [represented] correctly either because I got a second opinion and they said it's a winnable case. . . .

Well, I was led to believe to take the case and go and don't waste the court's time and stuff. And that pleading guilty I would get probation and I can still go to work and finish my probation, pay my fines, whatever. I just wanted it over with.

I don't want . . . no more trouble. But that's definitely not what happened. And I was good with what I thought was going to happen. But this is – this is gong to set me back – it's going to set me back, especially with my job. And [my attorney] did say you're a lenient judge, you know, and pleading me out you wouldn't be so harsh. And that's what I went with. And if I had known that, I would have definitely took it to trial, Your Honor.

. . .

I'm committed to my boss five days a week where I do weekend work on my own. I am the only provider for my kids. . . . And [my sentence] would just – from what I believe what's going to happen when we talked before I got sentenced, I was okay with it, because [my attorney] was leaning towards you not giving me jail time because of I wouldn't want to waste the court's time and money.

. . .

The reason that I did believe that I was going to get probation is I didn't maliciously attack that person. Like, it wasn't, like, some brutality, like brutal, like it was some malicious act or something.

N.T. Plea Withdrawal Hearing, 10/31/17, at 9 and 12-17 (some internal capitalization omitted).

The municipal court denied Appellant's motion on October 31, 2017. On November 18, 2017, Appellant filed, in the Court of Common Pleas of Philadelphia County, a petition for a writ of *certiorari* to the Municipal Court of Philadelphia. Appellant's Petition for Writ of *Certiorari*, 11/18/17, at 1. The court of common pleas denied *certiorari* on January 26, 2018 and Appellant filed a timely notice of appeal to this Court.

On appeal, Appellant's court-appointed counsel filed a petition for leave to withdraw and counsel accompanied this petition with an ***Anders*** brief. The ***Anders*** brief raises one claim:

> The lower court erred in denying [Appellant's] post-sentence motion to withdraw his guilty plea as [Appellant] did not enter the plea knowingly, voluntarily[,] and intelligently, because [Appellant] received ineffective assistance of plea counsel and [Appellant] asserts he is factually innocent, and that the lower court's denial of his post-sentence motion to withdraw his guilty plea amounted to a manifest injustice.

Appellant's Brief at 12 (internal emphasis omitted).

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. ***Commonwealth v. Miller***, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under ***Anders***, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous."

*Miller*, 715 A.2d at 1207.  Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous."  *Santiago*, 978 A.2d at 355 n.5; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . .  [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party.  Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated.  We need not analyze those issues

of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our review begins with the claim Appellant raises in his brief.

Although Appellant numbers one claim in his brief, the claim is composed of three sub-claims. Specifically, Appellant claims that the court of common pleas erred in denying *certiorari* because: his plea counsel was ineffective during the plea process; he is innocent of the charges; and, he would not have pleaded guilty if he had known he was going to receive jail time. *See* Appellant's Brief at 12-20. These claims are frivolous.

First, Appellant claims that he is entitled to relief because his plea counsel was ineffective. This claim is unreviewable on direct appeal. *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) ("as a general rule, a [defendant] should wait to raise claims of ineffective assistance of trial counsel until collateral review"); *Commonwealth v. Holmes*, 79 A.3d 562, 620 (Pa. 2013) ("absent [certain, specified] circumstances [(that are inapplicable to the case at bar)] claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of

ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal"). The claim is thus frivolous.

We will consider Appellant's second and third sub-claims together. As Appellant claims, the court of common pleas erred in denying his petition for *certiorari* because he is innocent of the charges and because he would not have pleaded guilty if he had known he was going to receive jail time.

"[A] defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." ***Commonwealth v. Muhammad***, 794 A.2d 378, 382 (Pa. Super. 2002). We have previously determined:

> Post-sentence motions for withdrawal are subject to higher scrutiny [than pre-sentence motions] since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a [] plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009) (internal citations and quotations omitted).

Initially, Appellant claims that the municipal court erred when it denied his post-sentence motion to withdraw his guilty plea – and that the court of common pleas erred in denying his petition for *certiorari* – because he is innocent of the charges against him. Appellant's Brief at 19. However,

Appellant did not elucidate upon his innocence claims in his court filings or during the hearing on his motion to withdraw his guilty plea. Rather, Appellant has simply made a bare assertion of innocence, which is insufficient to obtain relief even in the context of a pre-sentence motion to withdraw a guilty plea. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1285 and 1293 (Pa. 2015) ("a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant . . . a pre[-]sentence motion to withdraw a guilty plea"). In the context of a post-sentence motion to withdraw a plea, the claim is frivolous. *See Broaden*, 980 A.2d at 129 ("[p]ost-sentence motions for withdrawal are subject to higher scrutiny [than pre-sentence motions] since courts strive to discourage entry of guilty pleas as sentence-testing devices").

Appellant also claims that he should have been entitled to withdraw his guilty plea because, prior to entering the plea, his attorney made him believe that he was going to receive probation. *See* Appellant's Brief at 15. Appellant claims that he would not have pleaded guilty if he had known he was going to receive jail time. *Id.* at 15-16.

To the extent Appellant's claim sounds in plea counsel's ineffectiveness, the claim is frivolous. *See supra* at *6. Moreover, to the extent this claim attempts to demonstrate the manifest injustice necessary to withdraw a plea, the claim is frivolous because Appellant entered an open guilty plea to the misdemeanor charges. *See* N.T. Guilty Plea Hearing, 5/17/17, at 9 and 12-13. Thus, Appellant had no reasonable expectation that he would receive probation in this case.

We have independently considered the sub-claims raised within Appellant's brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal.[1] The appeal is therefore wholly frivolous. Accordingly, we affirm the order denying Appellant's petition for writ of *certiorari* and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Order affirmed. Jurisdiction relinquished.

_____

[1] Admirably, the Commonwealth highlights the absence of any record evidence that Appellant was informed of the maximum sentence he would face if he pleaded guilty. **See** Commonwealth's Brief at 9-11. We thank the Commonwealth for its candor. Nevertheless, Appellant did not raise any such claim before the lower courts. Therefore, the claim is waived. Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008) ("a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal"); **see also** Pa.R.Crim.P. 1007(A). Since the claim is waived, the claim is frivolous under **Anders**. **Commonwealth v. Tukhi**, 149 A.3d 881, 888-889 (Pa. Super. 2016) (holding that, under **Anders**, "[a]n issue that is waived is frivolous"); **Commonwealth v. Kalichak**, 943 A.3d 285, 291 (Pa. Super. 2008) (holding: "this issue has been waived. Having been waived, pursuing this matter on direct appeal is frivolous").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/19